IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD FAYETTEVILLE DIVISION
NO. 3:85-CR-45-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LATCHMIE TOOLASPRASHAD | ) | |

This matter is before the Court on Defendant Latchmie Toolasprashad's "Motion to

Vacate or Issue an Order Nunc Pro Tunc" [DE 43] and "Motion to Appoint Counsel" [DE 48].

The United States has filed a Motion to Dismiss Mr. Toolasprashad's Motion to Vacate [DE 46]

and the Motions are ripe for adjudication.

## BACKGROUND

On January 20, 1987, Mr. Toolasprashad pleaded guilty to first degree murder. On May

13, 1987, he was sentenced to a life term. Over the past two decades, Mr. Toolasprashad has

filed several motions attacking his sentence and conviction under 28 U.S.C. § 2255. All of these

motions and appeals have been dismissed. On October 31, 2011, Mr. Toolasprashad filed the

instant petition related to allegations of ineffective assistance of counsel.

## DISCUSSION

The Court interprets this Motion [DE 43] as a petition pursuant to 28 U.S.C. § 2255

because Mr. Toolasprashad seeks to "vacate, set aside, or correct" this Court's original judgment.

Mr. Toolasprashad has already filed unsuccessful petitions under 28 U.S.C. § 2255, the most

recent of which was filed on October 12, 2010 [DE 24]. To the extent that Mr. Toolasprashad

relies on the United States Supreme Court's opinion in *Padilla v. Kentucky*, 130 S.Ct. 1473

(2010), he has not provided any reason why he could not have brought that claim in his petition

filed on October 12, 2010. Therefore, the instant Motion is a successive petition under section 2255 and it is therefore dismissed under section 2255 (h). Because Mr. Toolasprashad has filed a previous section 2255 petition, this Court does not have jurisdiction to consider this second section 2255 petition under Federal Rule of Civil Procedure 12(b)(1). In order to pursue a second motion pursuant to section 2255, Mr. Toolasprashad would first need to petition the United States Court of Appeals for the Fourth Circuit for permission. 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

Because this Motion is construed as a second section 2255 petition, and is therefore procedurally barred, notice to Mr. Toolasprashad under *Emmanuel* is not required. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002). Generally, a court must notify a petitioner before recharacterizing a motion as being subject to section 2255's requirements. *Castro v. United States*, 540 U.S. 375 (2003). However, this "notice before recharacterization" requirement does not apply to situations in which a petitioner has already had a previous section 2255 motion dismissed on the merits. *See Emmanuel*, 288 F.3d at 650.

Because Mr. Toolasprashad has provided no cognizable basis for his request that the Court appoint him counsel, that Motion [DE 48] is also denied.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that the petitioner is not entitled to relief and the United States is entitled to dismissal of the petition, the Court considers whether Defendant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues

presented in her habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Because Mr. Toolasprashad's Motion is construed as a second or successive petition pursuant to section 2255, the requested relief cannot be granted. Therefore, Mr. Toolasprashad's

"Motion to Vacate or Issue an Order Nunc Pro Tunc" [DE 43] and "Motion to Appoint Counsel" [DE 48] are DENIED. The United States' Motion to Dismiss [DE 46] is GRANTED.

SO ORDERED, this the 17 day of January, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE