IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD FAYETTEVILLE DIVISION
NO. 3:85-CR-45-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| LATCHMIE TOOLASPRASHAD ) | |

This matter is before the Court on Defendant Latchmie Toolasprashad's Motion for Reconsideration [DE 53], seeking reconsideration of this Court's Order of January 18, 2012 [DE 52]. The Motion is ripe for adjudication. Because Mr. Toolasprashad does not demonstrate legal error in the Order, that Motion is DENIED.

## BACKGROUND

On January 20, 1987, Mr. Toolasprashad pleaded guilty to first degree murder. On May 13, 1987, he was sentenced to a life term. Mr. Toolasprashad contends that he was made aware of his immigration detainer in 1989, after his sentencing. Over the past two decades, Mr. Toolasprashad has filed several motions attacking his sentence and conviction under 28 U.S.C. § 2255. All of these motions and appeals have been dismissed. On October 31, 2011, Mr. Toolasprashad filed his most recent petition, alleging ineffective assistance of counsel [DE 43]. This Court denied that petition as second or successive on January 18, 2012 [DE 52].

## DISCUSSION

In reviewing Mr. Toolasprashad's Motion for Reconsideration, the Court finds that (1) there has been no intervening change of law which affects Mr. Toolasprashad's motion to vacate, (2) Mr. Toolasprashad adduces no new evidence which was unavailable when the Court made its prior decision, and (3) the Court's Order neither contains a clear legal error nor constitutes

manifest injustice. Accordingly, there is no basis for this Court to alter its dismissal of Mr. Toolasprashad's motion to vacate pursuant to 28 U.S.C. § 2255.

## Mr. Toolasprashad Remains in Custody

In his current Motion, Mr. Toolasprashad asserts that he is no longer in custody for purposes of a petition pursuant to 28 U.S.C. § 2255, and that therefore his motion should be considered as a petition for writ of error *coram nobis*. However, the United States Supreme Court has held that "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody." *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). Specifically, "the federal courts have held that the conditions of parole and probation sufficiently restrain the individual to constitute the 'custody' which is a condition of...attacking a sentence under 28 U.S.C. § 2255." *Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976).

Whether an individual is "in custody" for purposes of a petition pursuant to 28 U.S.C. § 2255 is determined at the time the habeas action is filed, which in this case was on October 31, 2011 [DE 43]. *See United States v. Bryson*, 981 F.2d 720, 726 (4th Cir. 1992) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). At that time, according to Mr. Toolasprashad's Parole Certificate, he had been paroled and "released to the actual, physical custody of the Immigration and Customs Enforcment." Although Mr. Toolasprashad asserts that his motion should have been considered as a petition for a writ of error *coram nobis*, that writ is available only when the petitioner is not in custody. *United States v. Smith*, 77 F. App'x 180, 180 (4th Cir. 2003) (affirming the district court's denial the writ of *coram nobis* by virtue of the defendant's supervised release status). Because Mr. Toolasprashad was in custody by virtue of his status on parole, the Court properly considered, and properly denied, his motion as a second or successive petition pursuant to 28 U.S.C. § 2255.

## CONCLUSION

Because Mr. Toolasprashad does not demonstrate legal error in the Order, his Motion for Reconsideration [DE 53] is DENIED.

SO ORDERED, this the 10 day of February, 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE